IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAUL A. WESNER, <br><br> Petitioner, <br><br> vs. <br><br> MICHELE WELHELM, Warden, Nebraska State Penitentiary; SCOTT FRAKES, Director, Nebraska Department of Correctional Services; and DOUGLAS J. PETERSON, Attorney General for the State of Nebraska; <br><br> Respondents. | 8:19CV391 <br><br> **MEMORANDUM AND ORDER** |

This matter is before me on preliminary review of Petitioner Paul A. Wesner's Petition for Writ of Habeas Corpus (filing no. 1) brought pursuant to 28 U.S.C. § 2254 and filed in this court on September 6, 2019. Petitioner set forth in his habeas corpus petition that he was convicted of first-degree assault on April 30, 2015. Petitioner alleges he prosecuted an appeal to the Nebraska Court of Appeals which upheld his judgment of conviction and the Nebraska Supreme Court denied Petitioner's petition for further review. (Filing No. 1 at CM/ECF p. 4.) Petitioner does not allege the dates on which direct appellate review of his conviction ended, but he does refer the court to his state court case records in Box Butte County District Court Case No. CR14-56 and Nebraska Court of Appeals Case No. A-15-468.[1] (*Id.* at CM/ECF pp. 4–5.) Petitioner's state court records indicate the Nebraska Supreme Court denied his petition for further review on direct appeal on

---

[1] I take judicial notice of the state court records. *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

October 14, 2015. Petitioner's records further show Petitioner filed a motion for postconviction relief on September 16, 2016. His motion was denied, he appealed, and the appeal was dismissed and mandated on March 29, 2017.

It appears from the face of the petition and the state court records that Petitioner's claims may be barred by the statute of limitations because the petition was filed more than one year after Petitioner's judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A). However, in order to ensure a just and fair resolution of this matter, the court will enter an order progressing this case to final resolution.

IT IS THEREFORE ORDERED that:

1. By **June 15, 2020**, Respondents must file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **June 15, 2020**: deadline for Respondents to file state court records in support of answer or motion for summary judgment.

2. If Respondents elect to file a motion for summary judgment, the following procedures must be followed by Respondents and Petitioner:

> A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.
>
> B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."
>
> C. Copies of the motion for summary judgment, the designation, including state court records, and Respondents' brief must be

2

served on Petitioner *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondents' brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that Respondents elect not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, Respondents must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondents are warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

3

      3.      If Respondents elect to file an answer, the following procedures must be followed by Respondents and Petitioner:

          A.     By **June 15, 2020**, Respondents must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

          B.     No later than 30 days after the relevant state court records are filed, Respondents must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

          C.     Copies of the answer, the designation, and Respondents' brief must be served on Petitioner at the time they are filed with the court *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondents' brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth

        the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.    No later than 30 days after Respondents' brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the court.

    E.    No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that Respondents elect not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

    F.    The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **July 15, 2020**: check for Respondents' answer and separate brief.

4.    No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Dated this 29th day of April, 2020.

                                  BY THE COURT:

                                  *Richard G. Kopf*

                                  Richard G. Kopf
                                  Senior United States District Judge