IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAUL A. WESNER, | |
| Petitioner, | 8:19CV391 |
| vs. | |
| SCOTT FRAKES, Director, Nebraska Department of Correctional Services; | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before me on Respondent's Motion for Summary Judgment. (Filing 11.) Respondent filed the relevant state court records (filing 12) and a brief in support (filing 13). Petitioner Paul A. Wesner did not file a brief in opposition, and the case is fully submitted for decision. (*See* Filing 24 at CM/ECF p. 2.) Respondent argues Wesner's Petition for Writ of Habeas Corpus (filing 1) must be dismissed because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d). I agree and will dismiss the petition with prejudice.

## I. FACTS

1. On April 30, 2015, Wesner was sentenced to 40 to 50 years in prison after entering a plea of no contest to first degree assault in the District Court of Box Butte County, Nebraska. (Filing 1 at CM/ECF pp. 3, 7; Filing 12-6 at CM/ECF pp. 2, 6.)

2. Wesner filed a direct appeal, and on September 3, 2015, the Nebraska Court of Appeals sustained the State's motion for summary affirmance and affirmed Wesner's conviction and sentence. (Filing 12-1 at CM/ECF p. 3.) Wesner's petition for further review was denied by the Nebraska Supreme Court on October 14, 2015. (*Id.*)

3. On September 16, 2016, Wesner filed a motion for postconviction relief in the state district court. (Filing 12-7 at CM/ECF pp. 7–14.) The motion was denied without an evidentiary hearing. (*Id*. at CM/ECF pp. 35–39.) Wesner appealed, but later dismissed his appeal in February of 2017. (Filing 12-2 at CM/ECF p. 3.) The mandate issued on March 29, 2017. (*Id*.)

4. Wesner filed a state habeas petition on March 1, 2017, in the Lancaster County District Court, alleging that his conviction was void. (Filing 12-8 at CM/ECF pp. 35–40.) The court denied his petition in a written order. (*Id*. at CM/ECF pp. 50–55.) Wesner appealed, and the Nebraska Court of Appeals affirmed the lower court's judgment by sustaining the State's motion for summary affirmance. (Filing 12-3 at CM/ECF p. 3.) Wesner's petition for further review was denied by the Nebraska Supreme Court, and the mandate issued on January 31, 2018. (*Id*.)

5. After the denial of his state habeas appeal, Wesner continued to file motions in the state district court attacking his conviction. *See State v. Wesner*, Case No. CR14-56, District Court of Box Butte County, Nebraska.[1] (*See also* Filing 1 at CM/ECF pp. 4, 6–7, 25.) Wesner appealed the denial of two of his motions in 2018, and in both cases, the Nebraska Court of Appeals affirmed the lower court's judgment by sustaining the State's motion for summary affirmance. (Filing 12-4 at CM/ECF p. 4; Filing 12-5 at CM/ECF p. 3.) The mandate in the first 2018 appeal issued on January 22, 2019 (filing 12-4 at CM/ECF p. 4), and the mandate in the second appeal issued on April 5, 2019 (filing 12-5 at CM/ECF p. 3).

---

[1] I take judicial notice of the state court records. *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

6. Wesner's habeas petition was filed with this Court on September 6, 2019. (Filing 1.)

## II. ANALYSIS

Respondent submits that Wesner's habeas petition must be dismissed because it was not timely filed and is barred by the limitations period set forth in 28 U.S.C. § 2244(d). Respondent is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, the statute of limitations period is tolled while a state post-conviction or other collateral review is pending. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing 28 U.S.C. § 2244(d)(2)).

Here, Wesner's conviction became final on January 12, 2016, which is ninety days after the Nebraska Supreme Court denied Wesner's petition for further review on direct appeal and Wesner's deadline to petition for a writ of certiorari with the United States Supreme Court expired. *See Gonzalez v. Thaler*, 656 U.S. 134, 150 (2012) (holding that, for petitioners who do not pursue direct review all the way to the United States Supreme Court, a judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires."); *King*, 666 F.3d at 1135 ("If the Supreme Court has jurisdiction to review the direct appeal, the judgment becomes final ninety days after the conclusion of the prisoner's direct criminal appeals in the state system.") (citing Sup. Ct. R. 13.1). Accordingly, the one-year limitations period began to run from January 12, 2016.

The statute of limitations was tolled during the pendency of Wesner's state postconviction proceedings beginning on September 16, 2016, meaning that 248 days expired after the one-year statute of limitations period began running on January 12, 2016. *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) (holding "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"). For the sake of argument, I will assume that the statute of limitations was tolled during the entire time period in which Wesner's various state postconviction actions were pending. Even with the benefit of tolling the limitations period until April 5, 2019, the day the Nebraska Court of Appeals issued its mandate in Wesner's last state appeal, Wesner's habeas petition is still untimely. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (holding that a postconviction application is considered pending until the state court issues its mandate or denies review, even if a petitioner files a petition for certiorari in the Supreme Court). Another 154 days expired between the conclusion of Wesner's state postconviction proceedings and the filing of his habeas petition on September 6, 2019. Thus, Wesner's habeas petition was filed at least 402 days after his conviction became final and is, therefore, untimely under 28 U.S.C. § 2244(d)(1)(A).

The limitations period may be subject to equitable tolling. Generally, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). In addition, in *McQuiggins v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage of justice exception.

Wesner did not respond to Respondent's summary judgment motion and, thus, has not presented any arguments to support the application of equitable tolling or the miscarriage of justice exception. I have carefully reviewed the petition and find no reason to toll the limitations period or excuse its procedural bar. Thus, Wesner's habeas petition is barred as untimely.

### III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on a petition for writ of habeas corpus under § 2254 unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). I have applied the appropriate standard and determined that Wesner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. Respondent's Motion for Summary Judgment (filing 11) is granted.

2. Petitioner's habeas petition (filing 1) is dismissed with prejudice because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d).

3. The court will not issue a certificate of appealability in this matter.

4. A separate judgment will be entered.

Dated this 12th day of January, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge